Law Offices of
DENA MARIE YOUNG (CSB #215344)
2751 4th Street, PMB #136
Santa Rosa, CA 95405
Telephone: (707) 528-9479
Facsimile: (707) 692-5314
Email: dmyounglaw@gmail.com

Attorney for Defendant
JARAY SIMMONS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JARAY SIMMONS,<br><br>Defendant. | Case No. CR-18-00179-EMC<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Date: August 14, 2019<br>Time: 2:30 p.m. |

Defendant JARAY SIMMONS, by and through his counsel of record, Dena Marie Young, hereby submits his Sentencing Memorandum.

## INTRODUCTION

On May 7, 2019, SIMMONS entered a plea of guilty to conspiracy to commit robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a) [Count One]; conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 [Count Two]; and brandishing of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1(A)(i) [Count Five].

The plea agreement, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, anticipated an adjusted offense level of 28. Combined with a criminal history category of IV, the resulting guidelines range is 110-137 months imprisonment on Counts One and Two, with a consecutive seven years on Count Five.

For the reasons discussed below, SIMMONS requests that this Court impose a custodial sentence of 132 months. Such a sentence would be a reasonable sentence within the meaning of *Gall v. United States*, 552 U.S. 38 (2007), and is consistent with the factors set out in 18 U.S.C. § 3552(a).

## I.

## OBJECTIONS TO THE PRESENTENCE REPORT

SIMMONS has no objections to the guideline calculations or to the calculations of his criminal history set out in the presentence report.

**Adult Criminal Convictions ¶ 57**

SIMMONS objects to the inclusion of the last two sentences in paragraph 57 as follows:

> "While working on Simmons' arrest sheet, he stated if officers located him five hours earlier, they would have found him with over 40 grams of heroin and a gun on his person. He advised that there was approximately nine ounces of cocaine at 906 Alder Street, but it was flushed prior to police locking the house down."

Information relied upon in the pre-sentence report must be reliable. *United States v. Weston*, 448 F.2d 626, 634 (9th Cir. 1971). The fact that something appears in a police report does not make it *per se* reliable.

These two sentences purport to be a statement made by SIMMONS admitting to much more serious offenses involving heroin, cocaine and a gun while he was being booked for misdemeanor possession of marijuana and drug paraphernalia. It makes no sense for him to have made such a statement. SIMMONS denied making it when he pled guilty to the marijuana-related charges. He continues to deny having made that statement. He was never charged with any offense related to the purported admission, nor is there evidence to corroborate the statement. The statement is needlessly inflammatory and could have an adverse impact on his classification at the Bureau of Prisons as it suggests a much more serious offense occurred. For these reasons, SIMMONS requests that these two sentences be stricken.

**II**.

**THIS COURT SHOULD IMPOSE A SENTENCE OF 132 MONTHS BECAUSE IT IS A REASONABLE SENTENCE CONSIDERING THE FACTORS SET OUT IN 18 U.S.C. § 3553(A).**

While the guidelines must be respectfully considered, they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence. *United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008). Sentencing courts must give "meaningful consideration" to all of the statutory factors in 18 U.S.C. §3553(a). Section 3553(a) clearly states that a court must impose a sentence that is "sufficient but not greater than necessary to comply with the purposes of sentencing. This requirement is often referred to as 'the parsimony provision," and the Supreme Court has referred to it as the "overarching instruction" of 18 U.S.C. §3553(a). See *Kimbrough v. United States*, 552 U.S. 85 (2007). Although the offender's conduct is part of the sentencing equation, it is not the totality of it, and the sentencing court must not focus on the offense at the expense of the individual offender. *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (*en banc*). The sentence must be long enough to reflect the seriousness of the offense, provide for just punishment and promote respect for the law. Further, it should afford adequate deterrence to criminal conduct in general and protect the public. It must be "sufficient but not greater than necessary" to reflect societal concerns and individual considerations. 18 U.S.C. § 3553(a).

In this case, based upon a total offense level of 28 and a criminal history category of IV, the guideline range is 110-137 on Counts One and Two, with a consecutive term of seven years on Count Five. Counsel for SIMMONS believes that a term of 132 months is a reasonable sentence under the circumstances and is sufficient but not greater than necessary to comply with the purposes of sentencing.

**III.**

**EVALUATION**

The nature and circumstances of the offenses are set forth in the pre-sentence report.

SIMMONS was born in and raised in North Carolina. He has never had a stable home life. His father went to prison when he was around a year old and was never in his life. His mother had relationships with various men over the years. Unfortunately, these men were abusive to her and to her children. Substance abuse was a major factor. The abuse sometimes led SIMMONS to run away from home and to stay away for extended periods of time. As a result, he grew up on the street. He looked to older men as role models, who, in hindsight, did not really have his best interests in mind and were not making positive decisions themselves. SIMMONS got involved in using marijuana and selling drugs. He did not finish high school, though he later obtained his GED while incarcerated. SIMMONS has never held a job for any length of time and lacks the skills he needs to be gainfully employed.

Despite his childhood frustrations with his mother's behavior, and her current alcoholism, SIMMONS continues to maintain a relationship with his mother. He also stays in contact with his two younger half-sisters. SIMMONS has been in a relationship with Phylicia Ingram since 2008. They have a child together, a little boy named Jasuad who is about 16 months old. Sadly, SIMMONS has been incarcerated on this case for most of his young life. Father and son only see each other on a computer screen during video visits from the jail. SIMMONS knows he is missing out on seeing his son grow up day by day.

As he approaches his thirtieth birthday, SIMMONS is now facing the longest sentence he has ever faced in his life. He understands that the court can choose to incarcerate him for a very long time. A guideline sentence is not necessary to deter him from future criminality, nor is it necessary for protection of the public. Further, it would be detrimental to SIMMONS' child who would grow up, as SIMMONS did, without his father in his life to provide the support and stability he needs.

SIMMONS admitted the offense conduct at the time of his arrest and again in the plea agreement. He accepts full responsibility for his wrongdoing. SIMMONS has used his time while in custody to reflect on his life, on the choices that he has made, and on the reasons behind those choices. He has come to understand that the instability of his early upbringing, and his frequent exposure to violence and substance abuse has desensitized him to their true impact. He does not

want his child to face the same conditions, nor does he want him to grow up without a father as he was forced to do. He already worries about having to explain to his son why he was not around.

SIMMONS understands that this is his last opportunity to put his life back on track, and to become a productive citizen for his sake and for the sake of his family. He feels guilty that his conduct has led to his incarceration, which has taken him away from his child. He also regrets the harm he caused to the victims in this case.

While SIMMONS never finished high school, he did obtain his GED while incarcerated in state prison. SIMMONS has never held a job for any length of time. He admits that he quit because he did not like what he was doing. He understands that he needs to acquire job skills to carry him forward, and to allow him to support himself and his family in a lawful and productive fashion. He enjoyed working (unofficially) as a barber and would like to obtain the training necessary to open his own shop at some point in the future.

SIMMONS also recognizes that his use of marijuana played a role in his poor decision-making. It was a significant factor in his commission of this offense.

SIMMONS will turn thirty later this year. A sentence that is too long will make it more difficult for him to obtain future employment. SIMMONS' earnings will also be necessary to pay the substantial restitution that is owing in this case. A sentence of eleven years will allow him to be released from custody while his son is still a young teenager, and during the time when he will likely need his father the most. It is long enough to punish SIMMONS for his crimes and to deter him from any future misconduct, yet it gives him hope that he will be able to have a productive future with his family.

SIMMONS wants to use his time in prison to obtain vocational training so that he has options for future employment. He understands that he must avoid the negative influences in his life, including friends who may have contributed to his poor decision making. In addition to vocational training, SIMMONS recognizes that he may also need assistance with substance abuse issues, especially marijuana use, when he is once again exposed to the pressures of daily life. He wants to use what resources are available to him in prison, through RDAP if it is available to him, and eventually through supervised release.

Whatever term of imprisonment is chosen by the Court will be followed by a period of supervision. SIMMONS should be given the opportunity to use that time on supervision to make the positive changes necessary to put his life back on track. After all, if he fails, further incarceration is always an available option. For SIMMONS, failure is not an option. His son needs him, and he wants to continue to be in his life. All he seeks is the opportunity to prove himself to the court. A sentence of 132 months is sufficient to deter him from committing crimes in the future yet not so long as to deny him a meaningful opportunity to become a productive, law-abiding citizen in the future. SIMMONS has learned his lesson. He is ready to accept his punishment, and to get this regrettable part of his life behind him.

## CONCLUSION

For the foregoing reasons, SIMMONS respectfully requests that this Court impose a sentence of 132 months. This sentence is reasonable under the circumstances and is consistent with the factors set out in 18 U.S.C. §3553(a).

SIMMONS further requests that this Court recommend placement within the Bureau of Prisons as close to his family in North Carolina as possible. Specifically, SIMMONS requests a recommendation for FCI Bennettsville in South Carolina, if suitable, due to his need for vocational training. He also requests a recommendation for RDAP should that program be available to him.

Dated: August 7, 2019                    Respectfully Submitted,

                                         __/s /_____
                                         DENA MARIE YOUNG

                                         Attorney for Defendant
                                         JARAY SIMMONS